United States District Court
District of Massachusetts

```
_____
                                 )
RAOUL MARRADI,                   )
                                 )
          Plaintiff              )
                                 )
     v.                          )      Civil Action No.
                                 )      15-13660-NMG
K&W REALTY INVESTMENT LLC and    )
PHO PASTEUR, INC.,               )
                                 )
          Defendants.            )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This case involves a claim of disability discrimination brought by plaintiff Raoul Marradi ("Marradi" or "plaintiff") against defendants K&W Realty Investments LLC and Pho Pasteur, Inc. (collectively, "defendants"). Pending before the Court is defendants' motion to dismiss the case for lack of subject matter jurisdiction and for failure to state a claim. For the reasons that follow, the motion will be denied.

I. **Background**

Plaintiff Raoul Marradi is a Massachusetts resident who, according to the complaint, is disabled and uses a wheelchair for mobility purposes. Marradi alleges that he is disabled within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq, because he is substantially

-1-

limited in performing one or more major life activities, including walking, standing, grabbing, grasping and pinching. Defendant Pho Pasteur, Inc. operates a restaurant known as Pho Pasteur Restaurant at property it leases at 682 Washington Street in Boston, Massachusetts.  Defendant K&W Realty Investment LLC is the owner of the same property.

Plaintiff avers that he attempted to patronize Pho Pasteur Restaurant but could not do so because physical barriers prevented him from obtaining access in his wheelchair.  In his complaint he alleges 25 violations of standards promulgated pursuant to the ADA which he found to be present at defendants' facility.  Marradi purports to have visited the restaurant both for personal reasons and while acting as a "tester" for the purpose of discovering and documenting public accommodations which are physically inaccessible to disabled persons and which, consequently, are noncompliant with the ADA.  He claims that he intends to visit Pho Pasteur Restaurant again "in the near future."

In October, 2015, Marradi filed a complaint alleging violations of Title III of the ADA.  In December, 2015, defendants filed a joint motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.

## II.   Motion to Dismiss

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants first move the Court to dismiss plaintiff's complaint on the ground that plaintiff has failed to establish standing to bring his ADA claim by showing that he has suffered an "injury in fact."

#### 1. Legal Standard

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). If the defendant mounts a "sufficiency challenge", the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, then "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. Id.

The judicial power of Article III courts extends only to actual cases and controversies involving the legal rights of litigants who have a "personal stake in the outcome of the controversy." Baker v. Carr, 369 U.S. 186, 204 (1962); U.S. Const. art. III, § 2, cl. 1.  To show such a personal stake, otherwise known as standing, a plaintiff must establish 1) an injury in fact, 2) a causal connection between the injury and the conduct complained of and 3) a likelihood that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560.

An "injury in fact" involves the invasion of a legally protected interest. Id.  The United States Supreme Court has enumerated two different characteristics which define such an injury.  First, it must be "concrete and particularized," that is, plaintiff must allege some harm that he personally suffered. Id.  Consequently,

> an allegation that someone has failed to meet some legal requirement, without more, is insufficient to confer Article III standing.

Katz v. Pershing, LLC, 672 F.3d 64, 78 (1st Cir. 2012).  Second, the alleged injury must be "actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560.  The harm must either have already happened or be sufficiently likely to happen in the

future; "it is not enough that the harm might occur at some future time." Katz, 672 F.3d at 71.[1]

## 2. Analysis

Defendants challenge Marradi's standing on the ground that he has failed to show an "injury in fact" because he has not made a sufficient showing of future harm.  Defendants correctly note that, because plaintiff seeks only injunctive relief as permitted by the ADA, he must show that he is "likely to suffer future injury." City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983); see also Blake v. Southcoast Health System, Inc., 145 F. Supp. 2d 126, 132-33 (D. Mass. 2001) (applying Lyons to ADA claims).  In the context of ADA claims, the First Circuit Court of Appeals has held that

> a disabled individual who is currently deterred from
> patronizing a public accommodation due to a
> defendant's failure to comply with the ADA and who is
> threatened with harm in the future because of existing
> or imminently threatened noncompliance with the ADA
> suffers actual or imminent harm sufficient to confer
> standing.

Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, 405 F.3d 60, 64 (1st Cir. 2005).  Accordingly, plaintiff must

---

[1] Plaintiff suggests that the Court must use a different standard, adapted from Bell v. Hood, 327 U.S. 678 (1946) to address a motion to dismiss for lack of subject matter jurisdiction, but because none of his cited authorities address standing issues and because they all either predate modern standing doctrine or are not First Circuit law, the Court declines to adopt that standard here.

show not only that he has suffered harm in the past by visiting the facility but also that he will again suffer harm by returning to the facility in the future.

Defendants appear to mount both a "sufficiency challenge" and a "factual challenge" in disputing plaintiff's standing. First, defendants claim that plaintiff has not alleged sufficient details to show that he is likely to return to Pho Pasteur Restaurant and thus to suffer a future injury.  Marradi states in his complaint that he

> intends to visit the Facility again in the near future
> in order to utilize all of the goods, services,
> facilities, privileges, advantages and/or
> accommodations commonly offered at this Facility.

Defendants contend that such an averment is insufficiently specific as to when Marradi will return to the restaurant, noting that

> some day intentions — without any description of
> concrete plans, or indeed any specification of when
> the some day will be — do not support a finding of the
> "actual or imminent" injury that our cases require.

Lujan, 504 U.S. at 564.  That Marradi has not alleged a specific date upon which he will return to Pho Pasteur restaurant is not, however, fatal to his claims. See Friends of the Earth v. Laidlaw, 528 U.S. 167, 183-84 (differentiating Lujan and finding standing where plaintiffs would use a river for recreation if defendant were not polluting it).  In particular, the ADA makes clear that

> [n]othing in this section shall require a person with
> a disability to engage in a futile gesture if such
> person has actual notice that a person or organization
> covered by [Title III] does not intend to comply with
> its provisions.

42 U.S.C. § 12188(a)(1).

Marradi cannot know if or when the alleged barriers will be removed, thus allowing him full access to the restaurant. Because defendants do not purport to have addressed the alleged ADA violations, returning to the restaurant in in its current state would constitute a futile act. See Disabled Americans for Equal Access, Inc., 405 F.3d at 65 n.7; Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1136-38 (9th Cir. 2002). This differs from the situation present in Lujan because the alleged harm to the plaintiffs in that case, an inability to view the affected wildlife due to their extinction, had not yet occurred. See Lujan, 504 U.S. at 564.  Consequently, unlike Marradi, the plaintiffs there were not faced with a certainty that their return would be futile.

Defendants also cite certain factors laid out by another session of this Court which some courts have considered in determining whether a plaintiff's likelihood of returning to a place of public accommodations is sufficient to confer standing. See Marradi v. Galway House, Inc., 13-cv-10813-RGS, 2014 WL 1454266 at *4 (D. Mass. Apr. 15, 2014) (noting that courts

-7-

consider factors such as proximity to the plaintiff's residence, past patronage of the business, the definiteness of plaintiff's plans to return and plaintiff's frequency of travel near the facility).  Defendants claim that, because plaintiff has not provided sufficient information for the Court to evaluate all of these factors, the complaint must be dismissed.  No court in this jurisdiction has, however, acknowledged such a requirement.

Marradi has alleged that he has attempted to access the facility, that he is a resident of this judicial district and that he intends to return to the facility in the near future. Accordingly, he has alleged sufficient facts to show that he is threatened with harm in the future because of defendants' alleged existing noncompliance with the ADA.  Indeed, the First Circuit has held averments very similar to those contained in Marradi's complaint to be sufficient to establish standing for ADA claims. See Disabled Americans for Equal Access, Inc., 405 F.3d at 64-65 (holding sufficient a plaintiff's averment that he "intends to return to the Defendant's place of public accommodation . . . to avail himself of the goods and services offered therein").  Accordingly, defendants' sufficiency challenge fails.

Defendants next challenge the factual accuracy of plaintiff's claim that he will return to Pho Pasteur Restaurant. They claim that, because plaintiff identifies himself as a

-8-

"tester" who attempts to access public accommodations in part to test whether they are compliant with the ADA, he is unlikely to return to Pho Pasteur Restaurant and consequently experience a future injury.  Defendants note that plaintiff has filed 21 ADA actions in this district and assert that this is such a large number that plaintiff is unlikely to return to each place of public accommodations in the future.

The Court is underwhelmed by that argument.  Courts in this and other jurisdictions have gone both ways on the issue of whether a plaintiff's status as a "tester" makes him less likely to return to a place of public accommodations in the future.  Compare Access 4 All, Inc. v. Absecon Holding Corp., No. 04-6060(JEI), 2006 WL 3109966, at *7 (D.N.J. Oct. 30, 2006) (holding that plaintiff's status as a "frequent litigant with the stated goal of ensuring ADA compliance" supported the credibility of his professed intent to return to defendant's facility) with Molski v. Mandarin Touch Restaurant, 385 F. Supp. 2d 1042 (C.D. Cal. 2005) (finding that plaintiff's litigation history belied the credibility of his statement that he intended to return).  A plaintiff's self-identified status as a "tester" may even make him more likely to return to a place of public accommodations, if only to ensure compliance with the ADA. See Norkunas v. HPT Cambridge, LLC, 969 F. Supp. 2d 184, 193 (D. Mass. 2013) (Young, J.).

-9-

Here, Marradi has not filed such an unreasonably large number of lawsuits that it is implausible that he intends in the future to return to the establishment at issue in this case. Moreover, the fact that he claims to have visited Pho Pasteur Restaurant both for personal reasons and as a "tester" further supports his claim that he will return.  Defendants have offered no extraneous evidence to support their contention that the Court should doubt the sincerity of plaintiff's averment. Consequently, defendants' factual challenge fails.

**B. Motion to Dismiss for Failure to State a Claim**

Defendants also move the Court to dismiss the complaint on the ground that plaintiff has failed to state a cognizable claim under the ADA.

**1. Legal Standard**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d

1, 12 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable.  Id.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw.  Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice.  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

### 2. Analysis

Defendants argue that Marradi has failed to state a cognizable claim under the ADA because he has not established a prima facie case that removal of the barriers he identifies in his complaint is "readily achievable." See 42 U.S.C. § 12182(b)(2)(A)(iv).  To state a claim under the ADA, a plaintiff must establish

> (1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA.

Jacobs v. Soars, No. 14-cv-12536-LTS, 2014 WL 7330762, at *4 (D. Mass. Dec. 19, 2014) (adopted by Jacobs v. Soars, No. 14-cv-12536-LTS, 2014 WL 7335771, at *4 (D. Mass. Dec. 19, 2014)). Discrimination by a defendant public accommodation includes

-11-

> a failure to remove architectural barriers . . . in
> existing facilities . . . where such removal is
> readily achievable.

42 U.S.C. § 12182(b)(2)(A)(iv).  "Readily achievable" is defined

as "easily accomplishable and able to be carried out without

much difficulty or expense." Id. § 12181(9).  In his complaint,

plaintiff alleges that

> [t]he removal of the physical barriers, dangerous
> conditions and ADA violations set forth herein is
> readily achievable and can be accomplished and carried
> out without much difficulty or expense.

A number of courts have held that, because a defendant

public accommodation has easier access to the technical

information required to determine whether removal of physical

barriers is readily achievable, the burden of persuasion should

be shifted to the defendant. See, e.g., Colorado Cross

Disability Coal. v. Hermanson, 264 F.3d 999, 1005-06 (10th Cir.

2001).  A plaintiff still, however, bears the burden of

production and must establish a prima facie case of

discrimination by suggesting a method of barrier removal and

producing evidence that the proposed method would be readily

achievable.  If the plaintiff makes such a showing, the

defendant then bears the ultimate burden of persuasion to prove

that the proposed method of barrier removal is not readily

achievable. Massachusetts v. E*Trade Access, Inc., 464 F. Supp.

2d 52, 60-61 (D. Mass. 2006) (citing <u>Colorado Cross Disability Coal.</u>, 264 F.3d at 1005-06).

Defendants aver that Marradi has failed to state a claim because he has not made the showing required to establish a prima facie case that removal of the barriers at Pho Pasteur Restaurant is readily achievable.  Whether plaintiff can ultimately carry his burden of production is, however,

> not material to the question whether the complaint has adequately allege[d] a prima facie claim under the statute.

<u>Melo</u> v. <u>S. Broadway Law Realty Trust</u>, No. 15-CV-13475-FDS, 2016 WL 393258, at *2 (D. Mass. Feb. 1, 2016).

Here, Marradi has alleged that the elimination of each of the 25 physical barriers and other ADA violations named in the complaint is "readily achievable and can be accomplished and carried out without much difficulty or expense."  Given the nature of the alleged ADA violations, which range from an inaccessibly steep ramp to improper signage, plaintiff's claim that they can be readily remedied is at least plausible. Accordingly, the complaint adequately pleads a claim for discrimination under the ADA and defendants' motion to dismiss for failure to state a claim will be denied.

**ORDER**

For the foregoing reasons, defendants' joint motion to dismiss (Docket No. 13) is **DENIED**.


**So ordered.**


/s/ Nathaniel M. Gorton _____
Nathaniel M. Gorton
United States District Judge

Dated July 22, 2016